WILLIAMS, Judge.
This is an appeal by defendant United States Fidelity and Guaranty Company [“U.S.F. & G.”] from a decision of the trial court finding it liable as a primary insurer for two separate accidents involving buses operated by defendant Orleans Transportation Service, Inc. [“Orleans”].
On June 17, 1982, two tour buses operated by defendant Orleans were involved in accidents. The busses were travelling down a highway near Natchez, Mississippi; the weather was inclement. The second tour bus, driven by Wardell Raymond, was travelling about 450 feet behind the first bus. The driver of the first bus, James Hall, did not testify at trial. Hall made a statement to a representative of Orleans, Walter Ybos. Ybos’s deposition relating Hall’s version of the accident involving the first bus was introduced at trial. Appar *402 ently, after cresting a hill, Hall saw two cars stopped farther down the road. He tried to brake, but could hot, and rather than slide into the cars, guided his bus to the right-side of the highway, where it fell on its side. Raymond, observing the difficulties encountered by the first driver, attempted also to drive his bus to the right. The bus stopped six to ten feet behind the first bus, and also fell onto its side.
Passengers in both busses filed suit for injuries they received. U.S.F. & G. is primary insurer for Orleans. Mission Insurance Company [“Mission”] was the excess insurer. U.S.F. & G. argued that this incident was one accident, and the policy limit of $500,000 was applicable, and Mission, as excess insurer, was obligated to provide the remaining coverage. Mission argued that two separate accidents occurred, and U.S.F. & G., therefore, was required to provide up to $500,000 coverage on each bus. This issue was tried on a cross-claim, and the trial court ruled that there were two accidents, each caused by the independent fault and negligence of the bus drivers. It is from this ruling that U.S.F. & G. now appeals.
The U.S.F. & G. policy covering the two busses reads in part:
(1) Regardless of the number of covered autos, insureds, claims made on vehicles involved in the accident, the most we will pay for all damage resulting from any one accident is the liability insurance limit shown in the declarations.
(2) All bodily injury and property damage resulting from continuous or repeating exposure to substantially the same conditions will be considered as resulting from one accident.
U.S.F. & G. argues that because the accidents occurred “simultaneous[ly] in time and in space,” that only one accident occurred according to its policy provisions. Of course, such proximities cannot be the sole criteria in a determination such as this. In this case, the trial court made a factual determination that each driver was independently negligent. We cannot find that this determination was manifestly erroneous. Canter v. Koehnng Co., 283 So.2d 716 (La.1973). Furthermore, we agree with the trial court’s conclusion that there were two separate accidents. The cause of each accident was not simply the weather and road conditions. It was the negligence of each driver that caused the accidents. Also, the independent negligence of each driver was not a “same condition” to which the passengers of each bus were exposed. U.S.F. & G., therefore, is required to offer its policy limits to the passengers of each bus separately.
For the foregoing reasons, the decision of the trial court is affirmed, all costs to be paid by appellant.
AFFIRMED.